Robert C. Huntley, ISB #894
THE HUNTLEY LAW FIRM
815 W. Washington Street
P.O. Box 2188
Boise, Idaho 83701
Phone: 208-388-1230
Fax: 208-388-0234
Email: rhuntley@huntleylaw.com

Mel Crawford
David Whedbee
MacDONALD HOAGUE & BAYLESS
705 Second Avenue; Suite 1500
Seattle, WA 98104
Phone: 206-622-1604
(Admission Pro Hac Vice Pending)

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CLAY BEACH, RAY BLANTON, ROBERT BROWN, CHRIS CAMPBELL, BILL CLARK, ROBERT CLARK, AMY DAVIS, STEVE DEJARALIS, ANDREW GELLETTE, MATHEW JONES, JAIME KISTE, MARK MAY, DAVE NESSEL, TOM POPE, RICHARD PRISAMENT, IRA REED, JASON RUDIN, LYLE SMITH, SHANE SPENCER, ROBERT STEPHENSON, MIKE THORNBRUGH, ALLEN TINNEY, NIKKI TOWERY, CHI VONLOW, BERNARD WALKER, BRIAN WALKER, <br><br> Plaintiffs, <br><br> v. <br><br> JD LUMBER, INC. and JEFFREY WEIMER, <br><br> Defendants. | No. <br><br> COMPLAINT FOR DAMAGES FOR FAILURE TO GIVE LAWFUL ADVANCED NOTIFICATION PRIOR TO TERMINATION AND FOR FAILURE TO PAY WAGES |

## I.   PRELIMINARY STATEMENT

1.1     This action is filed pursuant to the Worker Readjustment and Retraining

Notification Act ("WARN Act"), 29 U.S.C. §§ 2101-2109, in addition to Idaho law.  It arises

COMPLAINT - 1

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

from the failure of Defendant JD Lumber to give Plaintiffs sixty (60) days advance notice of termination in connection with Defendant's mass layoff and plant-closing set for October 3, 2008. In particular, of the 218 employees notified of termination on August 2, 2008, Plaintiffs, all of whom worked at JD Lumber's second shift, were terminated prematurely without lawful excuse on August 22, 2008, only twenty-one days after receiving notice. Plaintiffs seek declaratory relief and back pay for thirty-nine (39) days, damages for unpaid wages under Idaho law, penalties, and costs including reasonable attorneys' fees.

## II. JURISDICTION

2.1     This Court has jurisdiction over Plaintiffs' federal claim under 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(4), and has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

## III. PARTIES

3.1     Plaintiff Clay Beach is an adult individual at all material times residing in Idaho. Mr. Beach was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period. Mr. Beach is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.2     Plaintiff Ray Blanton is an adult individual at all material times residing in Idaho. Mr. Blanton was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period. Mr. Blanton is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

COMPLAINT - 2

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

bi183063

3.3    Plaintiff Robert Brown is an adult individual at all material times residing in Washington. Mr. Brown was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period. Mr. Brown is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.4    Plaintiff Chris Campbell is an adult individual at all material times residing in Idaho. Mr. Campbell was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period. Mr. Campbell is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.5    Plaintiff Bill Clark is an adult individual at all material times residing in Idaho. Mr. Clark was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period. Mr. Clark is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.6    Plaintiff Robert Clark is an adult individual at all material times residing in Idaho. Mr. Clark was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period. Mr. Clark is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.7    Plaintiff Amy Davis is an adult individual at all material times residing in Idaho. Ms. Davis was employed until August 22, 2008, at which time she was terminated thirty-nine days before the close of the 60-day WARN Act notice period. Ms. Davis is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

3.8    Plaintiff Steve Dejaralis is an adult individual at all material times residing in Idaho. Mr. Dejaralis was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period.  Mr. Dejaralis is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.9    Plaintiff Andrew Gellette is an adult individual at all material times residing in Washington. Mr. Gellette was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period.  Mr. Gellette is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.10    Plaintiff Mathew Jones is an adult individual at all material times residing in Washington. Mr. Jones was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period.  Mr. Jones is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.11    Plaintiff Jaime Kiste is an adult individual at all material times residing in Idaho. Mr. Kiste was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period.  Mr. Kiste is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.12    Plaintiff Mark May is an adult individual at all material times residing in Washington.  Mr. May was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period.  Mr. May is an

COMPLAINT - 4

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

1    "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of

2    I.C. 45-601(4).

3         3.13    Plaintiff Dave Nessel is an adult individual at all material times residing in Idaho.

4    Mr. Nessel was employed until August 22, 2008, at which time he was terminated thirty-nine

5    days before the close of the 60-day WARN Act notice period. Mr. Nessel is an "aggrieved

6    employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-

7    601(4).

8         3.14    Plaintiff Tom Pope is an adult individual at all material times residing in Idaho.

9    Mr. Pope was employed until August 22, 2008, at which time he was terminated thirty-nine days

10   before the close of the 60-day WARN Act notice period. Mr. Pope is an "aggrieved employee"

11   under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

12        3.15    Plaintiff Richard Prisament is an adult individual at all material times residing in

13   Idaho. Mr. Prisament was employed until August 22, 2008, at which time he was terminated

14   thirty-nine days before the close of the 60-day WARN Act notice period. Mr. Prisament is an

15   "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of

16   I.C. 45-601(4).

17        3.16    Plaintiff Ira Reed is an adult individual at all material times residing in Idaho.

18   Mr. Reed was employed until August 22, 2008, at which time he was terminated thirty-nine days

19   before the close of the 60-day WARN Act notice period. Mr. Reed is an "aggrieved employee"

20   under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

21        3.17    Plaintiff Jason Rudin is an adult individual at all material times residing in Idaho.

22   Mr. Rudin was employed until August 22, 2008, at which time he was terminated thirty-nine

23   days before the close of the 60-day WARN Act notice period. Mr. Reed is an "aggrieved

COMPLAINT - 5

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.18    Plaintiff Lyle Smith is an adult individual at all material times residing in Idaho. Mr. Smith was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period. Mr. Smith is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.19    Plaintiff Shane Spencer is an adult individual at all material times residing in Idaho. Mr. Spencer was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period. Mr. Spencer is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.20    Plaintiff Robert Stephenson is an adult individual at all material times residing in Idaho. Mr. Stephenson was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period. Mr. Stephenson is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.21    Plaintiff Allen Tinney is an adult individual at all material times residing in Washington. Mr. Tinney was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN notice period. Mr. Allen is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

COMPLAINT - 6

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

3.22    Plaintiff Mike Thornbrugh is an adult individual at all material times residing in Idaho.  Mr. Thornbrugh was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period.  Mr. Thornbrugh is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.23    Plaintiff Nikki Towery is an adult individual at all material times residing in Idaho.  Ms. Towery was employed until August 22, 2008, at which time she was terminated thirty-nine days before the close of the 60-day WARN Act notice period.  Ms. Towery is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.24    Plaintiff Chi Vonlow is an adult individual at all material times residing in Idaho.  Ms. Vonlow was employed until August 22, 2008, at which time she was terminated thirty-nine days before the close of the 60-day WARN Act notice period.  Ms. Vonlow is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.25    Plaintiff Bernard Walker is an adult individual at all material times residing in Idaho.  Mr. Walker was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period.  Mr. Walker is an "aggrieved employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.26    Plaintiff Brian Walker is an adult individual at all material times residing in Idaho.  Mr. Walker was employed until August 22, 2008, at which time he was terminated thirty-nine days before the close of the 60-day WARN Act notice period.  Mr. Walker is an "aggrieved

COMPLAINT - 7

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

employee" under 29 U.S.C. § 2104(a)(7) and is an "employee" within the meaning of I.C. 45-601(4).

3.27    Defendant JD Lumber is an Idaho corporation that maintains a place of business in Priest River, Idaho.  JD Lumber is an "employer" under 29 U.S.C. § 2101 (a)(1) and within the meaning of I.C. 45-601(5).

3.28    Defendant Jeffrey Weimer is an adult individual who is a resident of Idaho.  He owns JD Lumber and is an "employer" within the meaning of I.C. 45-601(5).

## IV.    VENUE

4.1    Venue properly lies in the District of Idaho because the Plaintiffs were employed in that district at all material times, the WARN Act violations occurred in that district, and the Defendants are residents of that district.

## V. FACTUAL ALLEGATIONS

5.1    On August 2, 2008, JD Lumber issued a document entitled "60-Day Notice to All JD Lumber Employee's [sic] of a Mass Layoff" ("WARN Act Notice"), which stated that Plaintiffs would be terminated on October 3, 2008.  An agent and/or employee of Defendant JD Lumber distributed the WARN Act Notice in person to the Plaintiffs at the JD Lumber facility.

5.2    Plaintiffs worked the swing shift at JD Lumber.

5.3    The WARN ACT Notice stated: "Due to an asset purchase sale with a competitor whereby the competitor is purchasing the sawmill, plant, property, and equipment you are receiving this notice pursuant to federal law."

5.4    When the WARN Act Notices were being distributed, Defendant Weimer represented to the Plaintiffs that he (Weimer) would be employed with Riley Creek Lumber Company, which is the competitor purchaser identified in the WARN Act Notice, and that his

COMPLAINT - 8

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

main priority was to develop the Riley Creek log yard.  Defendant Weimer also represented that he would retain his forest lands, other property and his foresters.  Defendant Weimer stated that log contracts that JD Lumber had with Potlatch Corporation would be transferred to Riley Creek Lumber Company the next day.

5.5    On August 22, 2008, Defendant JD Lumber issued to Plaintiffs a second notification stating: "JD Lumber is laying you off, effective end of shift on August 22, 2008." This second notification stated further that "due to unforeseen business circumstances caused by a sudden, dramatic, and unexpected weather and market conditions affecting the entire lumber industry in this area, JD Lumber is, at this point, running only one shift because of a lack of logs."

5.6    On August 22, 2008, Plaintiffs were terminated and have not returned to work at JD Lumber.

5.7    On information and belief, since on or before the date of the second notification on August 22, 2008, Defendants have been diverting logs that were intended to go to JD Lumber for milling and sending them instead to Riley Creek Lumber Company, and in doing so have themselves created the "lack of logs" that they claim justifies the termination of the Plaintiffs' employment.

5.8    There were no "unforeseen business circumstances" that required termination of the Plaintiffs.

## VI.  CLAIMS

### COUNT ONE

*Violation of the WARN Act, 29 U.S.C. § 2101-2109*

6.1.1    Plaintiffs repeat and reallege paragraphs 5.1 to 5.8, as if fully set forth herein.

COMPLAINT - 9

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

6.1.2    Because Defendant JD Lumber employed over 100 full-time employees who in the aggregate worked at least 4,000 hours per week, exclusive of overtime hours, JD Lumber was an "employer" of plaintiffs as defined under 29 U.S.C. § 2101(a)(1)(A) and (B).

6.1.3    The announced "mass layoff" and anticipated shutdown ("plant closing") effective October 3, 2008, as those terms are defined under 29 U.S.C. § 2101(a)(2) and (3), would result in "employment losses" for more than 50 of Defendant JD Lumber's employees, as that term is defined under 29 U.S.C. § 2101(a)(6).

6.1.4    The Plaintiffs and others provided the August 2, 2008 WARN Act Notice are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

6.1.5    Of these affected employees, Plaintiffs suffered an employment loss on August 22, 2008 upon receipt of the second notification stating that their positions were terminated.

6.1.6    Defendant JD Lumber failed to give at least 60 days advance notice to all "affected employees" of their terminations, as required by 29 U.S.C. § 2102(A)(1).

6.1.7    Defendant JD Lumber was not entitled to a reduction of the 60-day notification period under 29 U.S.C. § 2102(b) because the plant closing and/or mass layoff described herein were not due to unforeseen business circumstances. A reduction of the 60-day notification period under 29 U.S.C. § 2102(b) was not warranted for any other reason.

6.1.8    Defendant JD Lumber failed to pay the Plaintiffs thirty-nine days pay and benefits owed to them under the WARN Act between the dates of August 22, 2008, and October 3, 2008.

## COUNT TWO
### *Wage Claim under Idaho Code 45-615*

6.2.1    Each Plaintiff is an "employee" within the meaning of I.C. 45-601(4).

6.2.2    Defendant JD Lumber is an "employer" within the meaning of I.C. 45-601(5).

6.2.3    Defendant Jeffrey Weimer is an "employer" within the meaning of I.C. 45-601(5).

COMPLAINT - 10

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

6.2.4    Plaintiffs' respective claims for back pay from August 22, 2008 to October 3, 2008 under 29 U.S.C. § 2104(a) constitute "wage claims" as defined under I. C. 45-601(6).

6.2.5    Defendants, and each of them, are liable to Plaintiffs for three (3) times the amount of the Plaintiffs' unpaid wages, and for their costs and attorneys' fees reasonably incurred in connection with these proceedings, pursuant to I.C. 45-615.

COUNT THREE

*Breach of Contract under Idaho Law*

6.3.1    Defendants JD Lumber, Inc. and Jeffrey Weimer clearly indicated an agreement to provide JD Lumber employees sixty days notice of a plant closing, without exception.

6.3.2    JD Lumber employees accepted this offer by continuing their employment in response to the offer.  JD Lumber and Jeffrey Weimer thus have a contractual obligation through the WARN Act Notice to provide JD Lumber employees with sixty days notice of a plant closing.

6.3.3    JD Lumber and Jeffrey Weimer materially breached this contract by prematurely terminating the Plaintiffs thirty-nine days prior to the close of the sixty-day notice period on October 3, 2008.

6.3.4    Defendants, and each of them, are liable to Plaintiffs for the damages caused by their breach of contract, including three (3) times the amount of the Plaintiffs' unpaid wages, and for the Plaintiffs' costs and attorneys' fees reasonably incurred in connection with these proceedings, pursuant to I.C. 45-615.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request that the Court enter judgment against the defendants, and each of them, as follows:

i)    that the Court declare that Defendants violated Plaintiffs' rights under the WARN Act, and grant judgment for Plaintiffs against Defendants;

COMPLAINT - 11

ii)    that the Court order Defendants to pay each Plaintiff thirty-nine days back pay and any other benefits found owing, with prejudgment interest in accordance with 29 U.S.C. § 2104(a)(4);

iii)   that the Court order Defendants to pay each Plaintiff treble damages in accordance with I. C. 45-615;

iv)    that the Court award Plaintiffs their costs and attorneys' fees in accordance with 29 U.S.C. § 2104(a)(6) and Idaho Code 45-615;

v)     that the Court provide Plaintiffs whatever other relief that it deems equitable and just.

DATED this 30th day of September, 2008.

THE HUNTLEY LAW FIRM, PLLC


By _____
      Robert C. Huntley



MacDONALD HOAGUE & BAYLESS



By _____
      Mel Crawford, WSBA #22930
      David Whedbee WSBA #35977
Attorneys for Plaintiff
Admission Pro Hac Vice Pending

COMPLAINT - 12