UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

CLAY BEACH, et al, )
 )
                Plaintiffs, ) No. CV-08-416-JLQ
 )
    vs. ) MEMORANDUM OPINION RE:
 ) ATTORNEY FEES AND ORDER FOR
JD LUMBER, INC., ) ENTRY OF JUDGMENT
 )
                Defendant. )
_____ )

      Following trial of the above-entitled matter to the court, the findings for the Plaintiffs, and the determination by the court that the Plaintiffs are entitled to recover reasonable attorney fees, the parties have submitted numerous affidavits and documents concerning the amount of reasonable attorneys fees that should be awarded to the Plaintiffs. Briefing was completed on September 9, 2010 and the matter was deemed submitted to the court on that date.

      At the conclusion of the bench trial of this matter the court cited the parties to that portion of Justice Lewis Powell's opinion in *Hensley v. Ekerhart*, 461 U. S. 424, 433 (1983) which cautioned that the determination of the amount of an award of a reasonable attorney fee should not become a "second trial." The court suggested to counsel that they should attempt to agree on the reasonable amount of Plaintiffs' attorney fees. While this court is satisfied that counsel for all parties have observed the admonition of Justice Powell and this court, there was no suggestion of negotiation or agreement on the attorney fee issue. A substantial volume of materials and objections have been submitted to the court for its consideration and decision.

ORDER - 1

While the total award to the lumber mill worker Plaintiffs is somewhat less than $100,000 plus interest, the full and complete litigation of the Plaintiffs' Worker Adjustment and Retraining Notification Act ( WARN), 29 U.S.C. § 210, claims were not only of import to each of the 26 individual mill workers terminated from their jobs in violation of the WARN Act, but the claims were likewise an important matter of public policy in enforcing the law which protects workers from mass layoffs without proper forewarning. The Defendant fully and completely defended this matter from the start to the finish of the matter and rejected what now appears, in hindsight, to have been reasonable efforts by the Plaintiffs to resolve this matter without the time and expense of necessary pretrial discovery, motions, and trial. The litigation posture of the losing party is a matter that the court may consider in determining the reasonableness of the number of hours expended by counsel for the prevailing party.

As directed and guided by *Hensley v. Eckerhart, supra,* and *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975), the court must first determine the "lodestar" amount of fees by determining the reasonable number of hours expended multiplied by the reasonable hourly rate for the attorney.

**REASONABLE HOURS EXPENDED BY PLAINTIFFS' ATTORNEYS**

The Plaintiffs and their attorneys claim the following hours as being reasonably expended in the preparation, pretrial, and trial phases of this case:

                Mel Crawford:                    361.9 hours
                David Whedbee                    401.4 hours
                Robert Huntley                    47.4 hours
                Julie Gambino (paralegal)         54.1 hours
                La Rond Baker (law student)        6.8 hours

The Defendant contends that the Plaintiffs' claimed hours are unreasonable, particularly in view of the defense expenditure of only 463.1 billable hours. The court notes, however, that in addition to the 463.1 hours of attorney time, the Defendant was billed for an additional 130.3 hours of paralegal time. This reference to time spent by the defense is an appropriate one in view of this court's suggestion at the conclusion of

ORDER - 2

the trial that some courts look at the hours billed by both sides of a matter in determining if the claimed hours by the successful party appear to be unreasonable. However, in this case, the prevailing parties are the Plaintiffs and those Plaintiffs had the burden of proof in this case. The Plaintiffs were required to pursue formal pretrial discovery procedures and motions, rather than having the relevant information furnished without demand as is the intent of F. R. Civ. P. 26. The court determines that the fact that the defense attorneys expended a less amount of time than the Plaintiffs' attorneys is not a valid basis, in this case, for reducing the Plaintiff's hours.

The Defendant also contends that the Plaintiffs have failed to reduce the time spent by their attorneys on claims presented in the complaints that were dismissed, either voluntarily or by the court on summary judgement citing *McCown v. City of Fontana*, 565 F. 3d 1097, 1103 (9th Cir. 2009). However, this court finds that the claims against the principal owner of JD Lumber, Inc., Jeff Weimer, and the claims against JD Lumber that were dismissed prior to trial, involved the same facts and circumstances upon which the Plaintiffs' successful WARN claims were based. For that reason, the court rejects the suggestion that the Plaintiffs hours should be reduced because of the dismissed claims.

The Defendant next contends there was duplication by Mr. Crawford and Mr. Whedbee in various pretrial proceedings as set forth on page 8 and 9 of the Defendant's Response To Plaintiff's Motion For Attorney Fees. (C. R. 126). The court has reviewed that claim and the billings of Mr. Crawford and Mr. Whedbee and agrees with the defense contentions in part. The court finds that the hours claimed by Mr. Crawford should be reduced by 31.1 hours and those billed by Mr. Whedbee should be reduced by 26 hours.

The JD Lumber, Inc., also contends that the billings of Messrs. Crawford and Whedbee of 21.5 hours overstates the actual time spent in trial. The court agrees and reduces the reasonable hours for trial time to 12.5 hours.

ORDER - 3

Finally, the defense challenges the association by the Plaintiffs of attorney Robert Huntley of Boise, Idaho arguing that the Plaintiffs should have associated a Coeur d' Alene, Idaho attorney rather than one in Boise. While this is a north Idaho case and was tried in Coeur d'Alene, the entire state of Idaho is one federal district and the judge originally assigned this matter, Judge Lodge, has his chambers in Boise. The court also observes that the Defendant did not hire a north Idaho law firm to defend it, but rather retained and was represented throughout by a Boise law firm. Mr. Huntley's appearance and attendance were required by Idaho Local Rule 83.4(e) which requires that an attorney admitted in the District of Idaho and maintaining an office in the District, be associated by *pro hac vice* counsel. The local attorney is required be named on and sign all pleadings and personally appear on "all matters heard and tried." The court finds Mr. Huntley's billed time of 47.4 hours to be reasonable.

Based on the court's review of all the pleadings filed and reviewed by the court in connection with the hours claimed by the Plaintiffs, the court finds the following to be the reasonable hours expended by Plaintiff's attorneys:

| | |
|---|---|
| Mel Crawford | 321.8 hours |
| David Whedbee | 366.4 hours |
| Robert Huntley | 47.4 hours |
| Julie Gambino (paralegal) | 54.1 hours |
| La Rond Baker (law student) | 6.8 hours |

### REASONABLE HOURLY RATES

Plaintiffs seek an hourly rate for attorney Mel Crawford of $350 per hour and for David Whedbee of $225 per hour. Mr. Crawford and Mr. Whedbee are both members of a respected Seattle, Washington law firm, MacDonald, Hoague, & Bayless. Mr. Crawford has been a member of that firm since 1993 and is presently the managing partner. Mr. Whedbee has been an associate with the MacDonald firm since his graduation from the University of Washington law school in 2005. Mr. Crawford's Seattle billing rate which he seeks in this case is $350/hour and Mr. Whedbee's billing rate is $225/hour in the Seattle area. However, the court determines that the reasonable

ORDER – 4

hourly rate for these attorneys should be based upon reasonable rates in the District of Idaho, where this action was commenced, prosecuted, and tried.  The court rejects the Defendant's contentions that it should apply the northern Idaho rates which it claims are less than the Boise-southern Idaho rate.  The court finds that a reasonable District of Idaho hourly rate for the time spent by Mr. Crawford is $275/hour and for Mr. Whedbee $200/hour. The reasonable hourly rate for attorney Robert Huntley is also determined to be $275/hour. The distinguished career and experience of Mr. Huntley speaks for itself and could well justify a higher hourly rate.  However, in its discretion the court sets Mr. Huntley's hourly rate at that set for Mr. Crawford.  The reasonable hourly rate for the paralegal Julie Gambino is found to be $75/hour and for the recent law school graduate La Rond Baker $100/hour.  These rates take into consideration the fact that the Plaintiffs' attorneys have expended their time over a period in excess of two years without receiving any compensation therefor. The fact that the hourly rates awarded to Plaintiffs' counsel is somewhat higher than that billed by the attorneys for the Defendant does not adversely reflect upon the quality of  legal skills evidenced by Messrs. Brian Julian and Stephen Adams. These attorneys fully and competently represented the Defendant JD Lumber, Inc., and the finding for the Plaintiffs herein was based strictly on the court's determinations of the facts and not on any inadequate legal representation of the Defendant.

## COMPUTATION OF ATTORNEY FEES AWARDED

Based upon the foregoing, the court determines the Plaintiffs are entitled to recover attorney fees in the amount of $179,547, computed as follows:

| | |
|---|---|
| Mel Crawford | $ 88,495 |
| David Whedbee | $ 73,280 |
| Robert Huntley | $ 13,035 |
| Julie Gambino (paralegal) | $ 4,057 |
| La Rond Baker (law graduate) | $    680 |
| Total | $179,547 |

ORDER - 5

## NON-TAXABLE EXPENSES

The Plaintiffs also seek to recover their attorneys' expenses not included in their statutory cost bill in the amount of $ 9,361.36.  The Defendant asserts that such non-taxable costs, primarily for travel and housing, should not be included in an award of reasonable attorney fees under the WARN statute.  However, in this case, the court finds that the claimed non-taxable expenses were reasonably and necessarily expended in the prosecution of this action subject to reduction in the amount of $1,246.69 representing duplicative travel expenses for Mr. Crawford and Mr. Whedbee.  The court rejects the Defendant's challenges to the travel and housing expenses of Mr. Huntley since Idaho Local Rule 83.4(e) required his attendance at all court proceedings.  Mr. Huntley traveled from Boise to Coeur d' Alene as did both of the Defendant's attorneys.  The court finds the Plaintiffs should be compensated from their attorneys' Non-Taxable Expenses in the amount of $8,114.67.

## INTEREST COMPUTATION

To the credit of the parties and their attorneys they did stipulate to the amount of lost wages suffered by the Plaintiffs if the Plaintiffs prevailed that being $86,220. (See Clerk's Record 68).  The WARN Act is silent as to the award of interest on lost wages.  Therefore the court applies the law of the forum state, in this case the state of Idaho.  Idaho Code § 28-22-104 provides for prejudgment interest on "money after the same become due" at the rate of 12 % per annum, which is not to be compounded.  The court therefore determines that the Plaintiffs are entitled to interest on their unpaid wages from October 3, 2008, the date of the plant closing, at $28.35/day to the date of this Order and the entry of judgment in the total amount of $20,871.

## ENTRY OF JUDGMENT

The Plaintiffs are entitled to judgment against the Defendant JD Lumber, Inc. in the amount of $ 294,663 composed of the following:

ORDER - 6

| | |
|---|---|
| Lost Wages | $ 86,220 |
| Interest on Lost Wages | $ 20,781 |
| Non-taxable Expenses | $ 8,115 |
| Attorney Fees | $ 179,546 |
| Total judgment to be entered | $ 294,663 |

The Clerk shall enter this Order, enter judgment for the Plaintiffs in the amount of $294,663 plus Plaintiffs' statutory costs, distribute this Order to counsel, and close the file.

Dated this 5th day of October, 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE